CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 2 3 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JO ANN A. COMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:06CV00016 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| MONTY STEVEN SMITH, JR., | ) |
| PILGRIM'S PRIDE CORPORATION, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendants. | ) United States District Judge |

Jo Ann A. Comer ("Comer") brings this action for damages against Monty Steven Smith, Jr., ("Smith") and Pilgrim's Pride Corporation ("Pilgrim's Pride"), alleging that the plaintiff was injured as a result of defendant Smith's negligence, and that Pilgrim's Pride is liable as Smith's employer. Jurisdiction is premised on diversity of citizenship. See 28 U.S.C. § 1332(a). The case was filed in the Circuit Court for Page County on March 2, 2005. On February 8, 2006, defendant Pilgrim's Pride removed the case to this court.[1] The case is currently before the court on defendant Pilgrim's Pride's motion for summary judgment. For the reasons stated in this memorandum opinion, the court will deny the defendant's motion for summary judgment.

## BACKGROUND

This case arises out of an accident that occurred on March 17, 2003, on Route 340 in Page County, Virginia at approximately 4:20 a.m. There was heavy fog in the area. Two vehicles were involved in the accident: a truck driven by the plaintiff's husband in which the

---

[1] Pilgrim's Pride asserted in its Notice of Removal that defendant Smith, a citizen of Virginia, is a nominal party due to an order of the United States Bankruptcy Court for the Western District of Virginia, issued on November 8, 2005. The plaintiff did not object to the removal of the case to this court.

plaintiff was a passenger and a tractor-trailer owned by defendant Pilgrim's Pride and driven by defendant Smith.

Smith was driving a "live haul" truck, and was making a left turn onto Route 340 from a private driveway. At the time the Comers approached, Smith had not completed the turn onto Route 340, and part of the trailer remained in the eastbound lane of the road. The Comers' pickup truck collided with the left-side wheels of the tractor-trailer. Both Mr. and Mrs. Comer were injured as a result of the accident; the plaintiff alleges that she is permanently disabled.

On October 26, 2006, Pilgrim's Pride filed a motion for summary judgment. The plaintiff filed a motion in opposition to the motion for summary judgment, and a hearing was held on November 27. At the hearing, the court took under advisement Pilgrim's Pride's pending motion in limine and plaintiff's motion for leave to use depositions at trial.

## DISCUSSION

I.   Standard of Review

The case is presently before the court on the defendant's motion for summary judgment. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be granted by the court, "only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law ...." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (internal quotations omitted).

For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving

2

party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Industries, Inc., 763 F.2d 604, 610 (4th Cir. 1985). As the United States Court of Appeals for the Fourth Circuit has observed, "because of the particularly elusive nature of the concept of negligence, it is the rare personal injury case which may be properly disposed of by summary judgment." Bland v. Norfolk and Southern R.R. Co., 406 F.2d 863 (4th Cir. 1969).

II.     Failure to Exercise Ordinary Care

Virginia law defines negligence as "the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such person would not have done under existing circumstances."[2] Moore v. Va. Transit Co., 50 S.E.2d 268, 271 (Va. 1948). This type of analysis is based on the circumstances and facts of each case. For example, the Virginia Supreme Court has held that "[w]here nature has created hazardous conditions on a highway, and such hazardous conditions are open and obvious, the operator of a motor vehicle is required to take care in the operation of his vehicle proportionate to the known dangerous condition of the highway." Trail v. White, 275 S.E.2d 617, 619 (1981) (internal citation omitted).

The plaintiff's motion for judgment claims that Smith failed to exercise ordinary care. Specifically, the plaintiff claims that Smith breached his duties to the plaintiff to

> operate his vehicle in a safe and prudent manner with due regard for others using the road, including Plaintiff; to refrain from driving in such a manner as to endanger life, limb, or property of other persons; to keep his vehicle under

---

[2]The parties do not dispute that Virginia substantive law applies to this case.

3

reasonable and proper control by, among other things, not moving his vehicle into the intersection of Route 340B and the private driveway so that his vehicle unreasonably entered the path of Plaintiff's oncoming vehicle; to post lookouts for oncoming traffic equipped with lights or flares to warn motorists such as the plaintiff that a tractor-trailer would be blocking the road.

Mot. for J. ¶ 12.

In its motion for summary judgment, the defendant claims that the plaintiff did not identify any specific duties of the defendant other than the duties to maintain control of the tractor trailer and to post lookouts, and that neither duty is implicated in this case.

After considering the arguments, the court concludes that the plaintiff has made sufficient allegations to send the issue of primary negligence to the jury. The plaintiff has alleged that the defendant breached certain duties, and has offered facts in support of these allegations. Specifically, plaintiff has claimed that the defendant failed to operate his vehicle in a safe and prudent manner, a manner which Trail has recognized must be proportionate to dangerous driving conditions. Trail, 275 S.E.2d at 619. It is undisputed that the area where the accident occurred was covered in heavy fog on the morning of March 17, 2003. See Mem. in Supp. of Mot. for Summ. J. ¶ 9; Pl.'s Resp. to Def.'s Mot. for Summ. J. ¶ 6. Therefore, the defendant's duty must be viewed in light of the hazardous road conditions.

The plaintiff has made a number of allegations about the defendant's failure to operate his vehicle in a safe and prudent manner. First, the plaintiff claims that the defendant's expert witness has stated that a minimum of 9.8 seconds elapsed from the time the tractor-trailer began to move until the time Comer hit the trailer. According to Trooper Kevin J. Teter, the trailer would have been approximately 5.4 feet into Mr. Comer's lane. See Pl.'s Resp. to Def.'s Mot. for Summ. J., Ex. C. Second, the plaintiff claims that the tractor-trailer was dirty at the time of

4

the accident, and that the trailer's left side was incorrectly marked with electric tape.[3] Def.'s Mot. in Limine, Ex. B. The combination of these two factors could have reduced the visibility of the truck to Mr. Comer.

Viewing these facts in the light most favorable to the plaintiff, they are sufficient to create a triable issue as to the defendant's primary negligence. A reasonable jury could conclude that the truck was dirty and improperly marked with electric tape at the time of the accident and that the accident was caused by the defendant's failure to exercise ordinary care that a reasonable person would have exercised in light of the hazardous road conditions existing at the time of the accident.[4] Therefore, the court will deny the defendant's motion to dismiss on these grounds.

III.    Failure to Mitigate Damages

The defendant also claims that the court should grant partial summary judgment, because the plaintiff is barred from recovering past and future earnings. According to the defendant, the plaintiff has failed to mitigate her damages by seeking employment. The plaintiff admits that she did not return to work, or make any attempts to return to work, since the accident. However, the plaintiff has submitted the report of a doctor, who has concluded that the plaintiff is disabled. See Pl.'s Resp. to Def.'s Mot. for Summ. J., Ex. E. Due to the conflicting facts concerning the

---

[3]The plaintiff also claims that Mr. Comer said that the tractor-trailer's four-way flashers were not operating; it appears that Mr. Comer's statement, however, was that he did not see flashers. See Pl.'s Resp. to Def.'s Mot. for Summ. J., Ex. C.

[4]The court therefore finds it unnecessary to reach the other matters argued, relating to the defendant's duty of care. The court does not reach the issues of whether the defendant should have posted lookouts, whether the defendant failed to maintain control of the tractor-trailer, and whether defendant Smith, driver of a commercial vehicle, was subject to a heightened duty of care.

5

plaintiff's ability to work, the issue of damages and the plaintiff's mitigation of damages must be resolved by a jury. The court will therefore deny the defendant's motion for partial summary judgment on this issue.

## CONCLUSION

For the reasons stated, the defendant's motion for summary judgment is denied.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 23rd day of January, 2007.

/s/ Jack Conrad

United States District Judge