CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 12 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JO ANN A. COMER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:06CV00016 |
| | ) **MEMORANDUM OPINION** |
| PILGRIM'S PRIDE CORPORATION, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) United States District Judge |

Jo Ann A. Comer ("Comer") brought this action for damages against Pilgrim's Pride Corporation ("Pilgrim's Pride"), asserting that she was injured as a result of an accident caused by the negligence of an employee of Pilgrim's Pride. A jury trial was held in the United States District Court for the Western District of Virginia in Harrisonburg from February 27, 2007 to March 2, 2007. On March 2, the jury returned a verdict that the defendant was not liable. The case is currently before the court on the plaintiff's motion for new trial, pursuant to Federal Rule of Civil Procedure 59. For the reasons stated below, the court will deny the motion.

## BACKGROUND

This case arose out of an accident that occurred on March 17, 2003, on Route 340 in Page County, Virginia at approximately 4:20 a.m. At the time of the accident, the area was covered in fog. The two vehicles involved in the accident were a pickup truck driven by the plaintiff's husband, in which the plaintiff was a passenger, and a tractor-trailer owned by defendant Pilgrim's Pride and driven by Monty Steven Smith.

At the time of the accident, Mr. Smith was making a left turn onto Route 340 from a private driveway. When the Comers approached, part of the trailer remained in the eastbound lane of the road because Mr. Smith had not completed his left turn. The pickup truck driven by Mr. Comer collided

with the left-side wheels of the tractor-trailer. Both Mr. and Mrs. Comer were injured as a result of the accident. The plaintiff alleged at trial that she is permanently disabled.

The case was filed in the Circuit Court for Page County on March 2, 2005. On February 8, 2006, defendant Pilgrim's Pride removed the case to this court. A jury trial was held from February 27, 2007 to March 2, 2007. After hearing the evidence and arguments of counsel, the jury was instructed by the court. Following the charge, the plaintiff noted no objection to the instructions or the form of the verdict. The jury deliberated and found that the defendant was liable. On the verdict form, the jury was asked: "[d]o you find by a preponderance of the evidence that the defendant, through the actions of its employee, was negligent?" The jury answered "yes." The second question on the verdict form was: "[d]o you find by a preponderance of the evidence that the negligence of the defendant's employee was a proximate cause of the plaintiff's accident?," to which the jury answered "no." The plaintiff filed this motion for new trial on March 7, 2007, and the defendant responded. The parties agreed to submit the matter to the courts without a hearing.

## DISCUSSION

I.  Standard of Review

A court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). A district court may set aside the jury's verdict and grant a new trial only if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996). In

2

determining the clear weight of the evidence, courts may make credibility judgments. Knussman v. Maryland, 272 F.3d 625, 647 (4th Cir. 2001).

II. Discussion

Virginia law provides that an event can have more than one proximate cause, and that any cause "that act or omission which, in natural and continuing sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred," is a proximate cause. Atkinson v. Scheer, 508 S.E.2d 68, 71 (Va. 1998). When concurrent negligence leads to an injury, each negligent party is liable for the whole injury. Maroulis v. Elliott, 151 S.E.2d 339, 344 (Va. 1966). However, "[w]here a second tort-feasor becomes aware, or by the exercise of ordinary care should be aware, of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter by an independent act of negligence brings about an accident, the condition created by the first tort-feasor becomes merely a circumstance of the accident, but is not a proximate cause thereof." Id. at 344 (quoting Hubbard v. Murray, 3 S.E.2d 397, 401 (Va. 1939)). Under these circumstances, the second act of negligence is the only proximate cause of the accident. Id. at 344-45. To supercede the first act of negligence, the second act cannot be "put into operation by the defendant's wrongful act or omission." Coleman v. Blankenship Oil Corp., 267 S.E.2d 143, 147 (Va. 1980) (internal citations omitted).

The jury was thoroughly instructed as to these principles. Specifically, the court instructed the jury that:

> If two or more persons are negligent, and if the negligence of each proximately causes the plaintiff's injury, then each is liable to the plaintiff for his injury. This is true even if the negligence of one is greater than the negligence of the other.

3

> Where two parties are negligent, one party cannot be exonerated by showing negligence on the part of the other, as long as you find by a preponderance of the evidence that the first party's negligence was a proximate cause of plaintiff's injury.
>
> If you believe from a preponderance of the evidence that the defendant was negligent, then an intervening cause does not operate to exempt him from liability if such intervening cause was either put into operation by his negligence or if it was foreseen or reasonably might have been foreseen by him. In order to excuse any such negligence of the defendant, such intervening cause must so entirely supersede the operation of the defendant's negligence, if any, that it alone caused the collision without any such negligence of the defendant contributing thereto in the slightest degree.
>
> A superceding cause is an independent event, not reasonably foreseeable, that completely breaks the connection between any negligent act of a defendant and the plaintiff's injury. A superceding cause breaks the chain of events so that the defendant's original negligent act is not a proximate cause of the plaintiff's injury in the slightest degree. Thus, a superceding cause of an injury constitutes a new effective cause and operates independently of any other act, making it and it only the proximate cause of the injury.

The jury was then given a verdict form, which included separate questions concerning the negligence of the defendant and the proximate cause of the plaintiff's accident.

The plaintiff's motion for new trial argues that the jury's findings are against the clear weight of the evidence. The jury found that Mr. Comer was negligent in his operation of the car in which the plaintiff was a passenger, and that Mr. Comer's negligence superceded the defendant's negligence. According to the plaintiff, the evidence did not show superceding negligence; at most, the evidence supported a finding of concurrent negligence. The defendant responds that the jury's verdict was supported by the evidence.

Evidence was presented at trial as to visibility conditions on the morning of the accident. Mr. Comer testified that there was fog covering the road on which the accident occurred. The plaintiff also presented evidence as to Mr. Comer's speed at the time of the accident. The plaintiff's expert accident

4

reconstruction specialist, David McAllister, testified that he estimated Mr. Comer's speed to be 35 miles per hour. Mr. Comer himself testified that he estimated his speed to be 40 miles per hour to 45 miles per hour, the same speed he used when driving in good weather conditions on the same road.

Based on the applicable law and the facts presented by the plaintiff, the court concludes that the jury finding was supported by the clear weight of the evidence. Once again, the plaintiff preserved no objection to the court's instructions to the jury, or as to the form of the verdict under which the jury was charged to deliberate. The jury concluded that Mr. Comer's negligence was such that it broke the chain of events from Mr. Smith's negligence. The plaintiff claims that the weight of the evidence was against a finding of superceding negligence, as the jury must have concluded that Mr. Smith entered a dangerous situation, and therefore Mr. Comer's negligence was concurrent, at most. However, the clear weight of the evidence supports the jury's finding that Mr. Comer was driving at a normal rate of speed on a curvy road in the fog, which caused the accident with Mr. Smith by preventing Mr. Comer from stopping. Mr. Comer was therefore negligent to the degree so as to break the causal chain of Mr. Smith's negligence. Based on the court's weighing of the testimony presented at trial and the credibility of the witnesses, this finding was not against the clear weight of the evidence.

## CONCLUSION

For the reasons stated above, the jury's verdict is supported by the clear weight of the evidence. Therefore, the plaintiff's motion for new trial is denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 12th day of April, 2007.

*[signature]*

United States District Judge

5