CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 3 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

JO ANN A. COMER,                    )
                                    )
        Plaintiff,                  )
                                    )       Civil Action No. 5:06CV00016
v.                                  )
                                    )       **MEMORANDUM OPINION**
PILGRIM'S PRIDE CORPORATION,        )
                                    )       By: Hon. Glen E. Conrad
        Defendant.                  )       United States District Judge

Jo Ann A. Comer ("Comer") brought this action for damages against Pilgrim's Pride

Corporation ("Pilgrim's Pride"), asserting that she was injured as a result of an accident caused by the

negligence of an employee of Pilgrim's Pride. Jurisdiction was premised on diversity of citizenship.

See 28 U.S.C. § 1332(a). A jury trial was held in the United States District Court for the Western

District of Virginia in Harrisonburg from February 27, 2007 to March 2, 2007. On March 2, the jury

returned a verdict that the defendant was not liable. The court denied the plaintiff's motion for new

trial on April 12, 2007. The case is currently before the court on the defendant's bill of costs. For the

reasons stated below, the court will deny the defendant's bill of costs, concluding that each party is

responsible for its own costs.

## BACKGROUND

This case arose out of an accident that occurred on March 17, 2003, on Route 340 in Page

County, Virginia. The two vehicles involved in the accident were a pickup truck driven by the

plaintiff's husband, in which the plaintiff was a passenger, and a tractor-trailer owned by defendant

Pilgrim's Pride and driven by Monty Steven Smith.

After hearing the evidence and arguments of counsel, the jury deliberated and found that the

defendant was negligent. However, the jury also found that the negligence of the defendant's employee

was not a proximate cause of the plaintiff's accident.

The plaintiff submitted a motion for new trial, which was denied. The defendant then submitted a bill of costs on May 4, 2007. The time for response by the plaintiff has run, so the court finds that the question of costs is ripe for decision.

## DISCUSSION

The award of costs in federal court is governed by Federal Rule of Civil Procedure 54(d)(1). The Rule provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ...." Fed. R. Civ. P. 54(d)(1). Although there is a presumption that costs are to be awarded to the prevailing party, costs may be denied at the discretion of the district court when there "would be an element of injustice in a presumptive cost award." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (internal citations omitted). A district court refusing costs must "articulat[e] some good reason for doing so." Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990).

A number of factors have been considered by the United States Court of Appeals for the Fourth Circuit in the determination of whether a bill of costs should be denied. These factors include: misconduct by the prevailing party; the losing party's inability to pay; excessiveness of costs; the limited value of the prevailing party's victory; and the closeness and difficulty of the issues decided. Cherry, 186 F.3d at 446. The court may not consider, however, the parties' relative economic strength. Id. at 448. A losing party acting in bad faith cannot successfully overcome the presumption of awarding costs, although that good faith is not sufficient on its own to result in the denial of costs. Id. at 446.

Initially, the court concludes that both parties in this case, and their counsel, acted in good faith in prosecuting and defending this case. In addition, the court concludes that the plaintiff in this case

2

does not have the ability to pay. As discussed above, the court may consider the plaintiff's "effective ability to satisfy [the winning party's] bill of costs." Id. at 447. The evidence presented at trial demonstrated that the plaintiff's income was reduced substantially as a result of the accident, and that neither she nor her husband are able to work.

Furthermore, the court concludes that this case was a "relatively close and difficult one." The defendant filed a motion for summary judgment, which was denied by the court. Cf. Salvin v. Am. Nat'l Ins. Co., 2007 WL 1097891 (E.D. Va. Apr. 11, 2007) (noting that "[n]ot only did the defendant prevail, it did so via a Rule 12(b)(6) motion to dismiss and a Rule 56 motion for summary judgment"). In addition, the form of the verdict in this case demonstrates the closeness and difficulty of the issues. The jury found the defendant negligent, and the defendant only prevailed because the jury also found that the negligence was not the proximate cause of the plaintiff's accident.

For the foregoing reasons, the court concludes that the defendant's bill of costs must be denied. First, the plaintiff and her counsel brought the case in good faith. It is clear from the evidence that the plaintiff does not have the ability to pay the defendant's costs. Finally, the court concludes that the case was a close and difficult one. Therefore, it would be inequitable to award costs in this case.

## CONCLUSION

For the reasons stated above, the court concludes that the defendant's bill of costs will be denied. Each side shall bear its own costs.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This _30ᵈ_ day of July, 2007.

_Glen Conrad_

United States District Judge

3